UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:  Dana J. Weyer and                                               Case No. 1-18-13665-bhl
Lori A. Weyer,
                      Debtors.                                        Chapter 13

## DECISION

### INTRODUCTION

This case illustrates the negative consequences that may befall chapter 13 debtors who fail to pay attention to proof-of-claim-filing deadlines. Dana and Lori Weyer wish to pay their motor vehicle lender, Valley Communities Credit Union (VCCU), through their chapter 13 plan. This desire became problematic when VCCU failed to file timely proofs of claim and the Weyers then also failed to exercise their right to file proofs of claim on their creditor's behalf. Under the Bankruptcy Rules and the terms of this district's plan form, the lack of a timely-filed proof of claim means that VCCU cannot receive payments through the plan.

After not receiving post-petition payments, VCCU filed a motion for relief from the automatic stay, contending that its interests in the Weyers' vehicles were not being adequately protected. The Weyers concede that VCCU has not been paid for months and that its interests are not being adequately protected. They nevertheless insist, based on cases from other districts, that VCCU's failure to file timely proofs of claim precludes it from receiving relief from the stay. At an October 17, 2019 hearing, the court rejected the Weyers' "estoppel" defense and granted VCCU's motion in an oral ruling. This decision documents and supplements the court's oral ruling.

### BACKGROUND

Debtors Dana J. Weyer and Lori A. Weyer filed a chapter 13 petition, schedules, and proposed repayment plan on October 31, 2018. The Weyers' initial schedules and list of creditors identified VCCU as a secured creditor with two claims, each secured by one of the Weyers' two vehicles.

On the same day the case was filed, the Clerk of the Bankruptcy Court sent notice to all

creditors, including VCCU, of the Weyers' chapter 13 case. ECF No. 5. The notice alerted creditors to the January 9, 2019 deadline for non-governmental creditors to file proofs of claim.

The Weyers used this district's form when they filed their initial repayment plan. The Weyers' plan proposed having the chapter 13 trustee make payments to VCCU of $81.55 and $159.64 each month to cover two claims secured by the Weyers' vehicles. This treatment remained unchanged in the Weyers' January 7, 2019 amended plan. Both the initial and amended plans specifically included standard language from this district's form plan alerting VCCU that creditors "must file a timely proof of claim in order to be paid." The court confirmed the Weyers' amended plan on January 29, 2019.[1]

Despite the various notices it received, VCCU missed the deadline for filing its proofs of claim. VCCU did not file its proofs of claim until March 18, 2019, more than two months after the claims bar date. The Weyers also failed to act timely. The Bankruptcy Rules give them the right to file proofs of claim on VCCU's behalf, but the Weyers made no effort to do so. Because the Weyers' confirmed plan requires creditors to file timely proofs of claim "in order to be paid," the chapter 13 trustee refused to pay on VCCU's untimely filed claims.

Unable to pay VCCU through their plan, the Weyers then also failed to arrange to pay VCCU directly, outside the plan. But the Weyers nevertheless continued to use and retain custody of their vehicles.

On September 11, 2019, VCCU filed a motion for relief from stay, insisting that the Weyers' continued use of its depreciating collateral without payment was eroding VCCU's interests in the vehicles. The Weyers objected, insisting that they were entitled to continue to use the vehicles without payment because VCCU had failed to timely file proofs of claim and was thus precluded from obtaining relief from the stay.

The court held two hearings on VCCU's motion. At the first hearing, the court expressed skepticism of the Weyers' "estoppel" argument and directed the parties to three recent decisions discussing compliance with the proof of claim filing deadlines in Bankruptcy Rules 3002 and 3004. *See In re Wulff*, 598 B.R. 459 (Bankr. E.D. Wis. 2019); *In re Morgan*, No. 18-24459-BHL-13, 2019 WL 548532 (Bankr. E.D. Wis. Feb. 11, 2019); *In re Kitzerow*, 573 B.R. 766

---

[1] The Weyers proposed a modification of their confirmed plan on June 10, 2019 to surrender their interests in certain real estate. ECF No. 54. The court confirmed the modification on July 12, 2019. ECF No. 64. The modification has no bearing on VCCU's collateral or the issues raised in its motion for relief from stay.

(Bankr. W.D. Wis. 2017). The court then continued the hearing for two weeks to give the parties time to negotiate a resolution or decide on an alternative course of action. The parties maintained their positions without change at the continued hearing. Accordingly, after the debtors acknowledged that VCCU's interests were not adequately protected, the court granted VCCU's motion in an oral ruling.

## ANALYSIS

**A. The Lack of Adequate Protection Entitles VCCU to Relief from the Automatic Stay under Section 362(d)(1).**

VCCU contends that it is entitled to relief from the automatic stay because its interests in the Weyers' vehicles, a 2013 Buick Sedan and a 2008 Chevrolet Truck, are not being adequately protected. It points out that under its contracts with the Weyers, and consistent with the Weyers' confirmed plan, the Weyers are supposed to make monthly payments to VCCU for the two vehicles. The record shows that VCCU has not received any payments since the Weyers' plan was confirmed last January and that the Weyers have nevertheless continued to use VCCU's collateral.

Under section 362(a), the filing of a bankruptcy petition operates automatically to stay virtually all actions of creditors to enforce their collection rights against debtors or property of the estate. 11 U.S.C. §362(a); *see Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986).

Section 362(d)(1) allows a creditor to seek relief from the automatic stay for "cause." The statute gives the court broad discretion to determine "cause" in a particular case, but, in drafting this section, Congress specified that cause includes "the lack of adequate protection of an interest in property" of a creditor or other party in interest. 11 U.S.C. §362(d)(1); *Matter of C & S Grain Co.*, 47 F.3d 233, 238 (7th Cir. 1995) ("[A] court may grant a party relief from the stay if it finds that the moving party's interest in the property can be better protected or for any other cause the court finds to be worthy."); *cf. In re Brian Wise Trucking, Inc.*, 386 B.R. 215, 218 (Bankr. N.D. Ind. 2008) ("The purpose of § 362(d)(1) is to ensure that a secured creditor is not harmed while the debtor attempts to reorganize its affairs.").

Here, it is undisputed that VCCU's property interests in the Weyers' vehicles are not being adequately protected. No payments have been made to the creditor since the court

confirmed the Weyers' amended plan on January 29, 2019. Thus, nearly a year has passed since VCCU received a payment. During that same time period, VCCU's collateral has been depreciating in value. The failure to make payments on claims secured by depreciating collateral is the quintessential basis for finding a lack of adequate protection and granting relief from stay. *In re Leonard*, 505 B.R. 835, 837 (Bankr. N.D. Ill. 2014) ("Since Debtor lacks equity and the aging auto is depreciating in value, Debtor must adequately protect the security interest of the Creditor. . . . This must be done by monthly payments that can be no less than the amount of depreciation.").

Indeed, at the last hearing, the debtors conceded that VCCU's property interests were not being adequately protected. Under the plain terms of section 362(d), the court "shall" grant relief from stay where there is cause, including the lack of adequate protection. Accordingly, the statute compels the court to grant VCCU's motion given the undisputed facts.

### B. VCCU's Failure to File a Timely Proof of Claim Does Not Entitle the Debtors to Continued Use of the Creditor's Collateral Without Providing Adequate Protection.

The Weyers acknowledge that VCCU's interests are not being adequately protected, but insist that VCCU cannot get relief from stay. Debtors' Obj., ECF No. 66. The Weyers argue that VCCU cannot obtain relief from stay because the lack of adequate protection is the result of VCCU's own failure to file proofs of claim. *Id.* The court declines to adopt the Weyers' "estoppel" argument for at least two reasons.

#### 1. Section 362(d) Requires the Court to Grant VCCU Relief Because its Interests Are Not Being Adequately Protected.

The Weyers' insistence that VCCU is precluded from obtaining relief from stay is not supported by, and indeed is contrary to, the statutory text. Nothing in section 362(d) supports reading an implied exception to the lack of adequate protection as grounds for granting relief from stay. To the contrary, the statute instructs that the court "shall" grant relief from stay for "cause" and expressly includes the lack of adequate protection as cause. Thus, under the plain terms of the statute, where a creditor's interests are not being adequately protected, the court must grant relief from stay. 11 U.S.C. §362(d); *see* 3 Collier on Bankruptcy ¶ 362.07 (16th ed. 2019).

In essence, the Weyers ask the court to create an implied exception to section 362(d), precluding a creditor from securing relief from the automatic stay when the creditor's failure to

file a timely proof of claim is a cause of the lack of adequate protection. This is a road the court may not go down. The Supreme Court has unanimously confirmed that bankruptcy courts have no inherent or equitable power to create remedies that contradict the plain terms of the bankruptcy code. *Law v. Siegel*, 571 U.S. 415, 421 (2014) ("'[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code."). Any request for an exception to the relief mandated in section 362(d) must come from the statute itself. Because Congress has not included such an exception, this court may not add or imply one.

In support of their position, the Weyers cite two cases from bankruptcy courts in Illinois and Indiana: *In re Schaffer*, 173 B.R. 393 (Bankr. N.D. Ill. 1994), and *In re Jones*, 555 B.R. 869 (Bankr. N.D. Ind. 2016). The court declines to follow either case.

In *Schaffer*, the bankruptcy court denied a secured creditor's request for reconsideration of an order disallowing the creditor's late-filed proof of claim. *In re Schaffer*, 173 B.R. at 394. In dicta, the court noted that the creditor "could move to vacate the stay for cause. Cause would not likely flow from an omission (the late filing) by the party seeking relief from the stay." *Id.* at 395. The court did not further discuss cause, nor even mention adequate protection, because that issue was not before it.

In *Jones*, a creditor that had failed to file a proof of claim for a claim secured by the debtors' vehicle moved for relief from stay because it wasn't being paid by the debtors through or outside of the confirmed plan. *In re Jones*, 555 B.R. at 870. The *Jones* court refused to grant relief from stay because the debtors had provided for the creditor's claim in their plan and it was solely the failure of the creditor to file a proof of claim that prevented it from receiving payments. *Id.* at 870-71. Nowhere in the decision does the court explain how the creditor's failure to file a proof of claim overrides the express language in section 362(d) requiring the court to grant relief from stay for cause, which specifically includes the lack of "adequate protection." Nor does the *Jones* court explain how such an exception can be implied consistent with *Law v. Siegel*. This court declines to follow *Jones*.

## 2. The Equities Do Not Warrant Allowing the Debtors to Continue to Use VCCU's Collateral Without Payment.

Even if the court had the ability to graft an equitable exception onto section 362(d) and deny VCCU's motion despite the lack of adequate protection, the circumstances do not warrant such a result. *Both* parties failed to act timely under the Rules. Accordingly, the equities do not weigh in the Weyers' favor sufficiently to allow them to continue to use VCCU's collateral without payment.

Under Rule 3002(a), a secured creditor must file a proof of claim if it wishes to have its claim allowed and thus participate in payments under a chapter 13 plan. *See In re Pajian*, 785 F.3d 1161 (7th Cir. 2015). But a creditor that does not wish to submit to this court's jurisdiction or to participate in plan payments is not required to file a proof of claim. Under Rule 3002(c), non-governmental creditors seeking to have their claims allowed in a chapter 13 case must file their proof of claim not later than 70 days after the order for relief, subject to seven limited exceptions. *See* Fed. R. Bankr. P. 3002(c)(1)-(7). The lack of a timely-filed proof of claim is grounds for disallowance of a creditor's claim. *See* 11 U.S.C. §502(b)(9). This district's local chapter 13 plan form acknowledges this requirement. In Part 1, the form states in a notice to creditors, "You must file a timely proof of claim in order to be paid." Official Form Plan for the Western District of Wisconsin. The debtors' confirmed plan contains this language. Modified Chapter 13 Plan, ECF No. 54.

Debtors who wish to pay a creditor's claim through their plan are not left helpless when a creditor fails to file a proof of claim. Rule 3004 gives them a 30-day window, after the creditor fails to file a proof of claim, to file a proof of claim on the creditor's behalf. This rule provides debtors with an avenue for proceeding, even if their creditor fails to act timely.

The Weyers' estoppel defense focuses solely on VCCU's failure to file a timely proof of claim, while ignoring their own failure to act. If the Weyers wanted to treat and pay VCCU's claims through their chapter 13 plan, Rule 3004 gave them the ability to file proofs of claim for VCCU. Despite having 30 days, from January 10 to February 9, 2019, to file proofs of claim on VCCU's behalf, the Weyers neglected to do so. Thus, the debtors had it within their power to forestall this entire situation, but their own failure to utilize the right that Rule 3004 specifically gives them has resulted in the absence of payments to VCCU and the lack of adequate protection. Moreover, even after the Rule 3004 window closed and VCCU filed its motion, the

Weyers were not without options. They could have sought an extension of the already-expired Rule 3004 deadline. If they established "excusable neglect" for their failure to file a proof of claim on VCCU's behalf timely, the Bankruptcy Rules allow the court to give them additional time to file those proofs of claim. *See* Rule 9006(b)(1); *In re Schuster*, 428 B.R. 833, 837 (Bankr. E.D. Wis. 2010). Or, the Weyers could have amended their plan to pay VCCU directly. The absence of a timely proof of claim does not preclude direct payments by the debtor, although the debtor would lose the ability to use the repayment plan to alter the creditor's rights. The Weyers ask for a free pass for their own inaction.

In these circumstances, it would be unfairly punitive to VCCU, and would generate an undeserved windfall for the Weyers, if the court were to deny VCCU's motion. Having failed to exercise the options available to them, the Weyers should not get the benefit of using VCCU's collateral without payment for the term of their plan. Nor should VCCU be stripped of its statutory right to adequate protection and be forced to sit idly by while its collateral depreciates. The court will not order such a result, especially where, as here, it requires overriding the plain terms of the Bankruptcy Code.

## CONCLUSION

VCCU's motion for relief from stay must be granted because VCCU's interests in the Weyers' vehicles are not being adequately protected. In filing for bankruptcy, the Weyers are entitled to a fresh start, not a free pass. A separate order consistent with this decision was previously entered.

January 3, 2020

_____
Brett H. Ludwig
United States Bankruptcy Judge